```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

                          WESTERN DIVISION
```

| | |
|---|---|
| CYCLONE USA, INC., | ) |
| Plaintiff, | ) Case No. CV 03-992 AJW |
| v. | ) MEMORANDUM OF DECISION |
| | ) REGARDING CYCLONE USA'S |
| | ) MOTION FOR PREJUDGMENT INTEREST |
| LL&C DEALER SERVICES, LLC, et al., | ) |
| Defendant | ) |

This case was tried to the Court sitting without a jury. After the Court issued its ruling on liability, the parties briefed the issues relating to their respective requests for prejudgment interest. Subsequently, the parties filed a stipulation regarding the dates of accrual and rates of prejudgment interest pertaining to various claims. Eventually, Cyclone USA and LL&C entered into a settlement agreement resolving all claims between them. Cyclone USA was directed to state its position with respect to the effect of the settlement on any pending motions. As to this motion, Cyclone USA reported as follows:

> The only remaining interest issues to be decided by the Court - other than the stipulated amount of interest on Sei Kim's contract claim - pertains to the non-Poron profits. Those interest calculations are set forth in Exhibit A to Daryl Martin's Supplemental Declaration filed on April 30, 2008.

[Plaintiff's Statement Regarding Pending Motions, at 3].

"[P]rejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism." In re Exxon Valdez, 484 F.3d 1098, 1101 (9th Cir. 2007). Therefore, state law governs the applicability of prejudgment interest on all state claims and federal law governs the applicability of prejudgment interest on all federal claims. In re Exxon Valdez, 484 F.3d at 1101 ("[S]tate law applies to [a] claim for prejudgment interest under state law unless federal law preempts it.").

The Court adopts the parties' stipulation with respect to the award of prejudgment interest on the following claim:

> The amount of prejudgment interest accrued on Sei Kim's breach of contract claim is $163,710 through May 20, 2008, and prejudgment interest accrues from that date at the rate of $69.04 per day.

[Stipulation Regarding Prejudgment Interest, at 2].

In awarding Cyclone USA damages for LL&C's and Sei Kim's violations of the Lanham Act, the Court left open the issue of Cyclone USA's entitlement to prejudgment interest. [See Memorandum of Decision, at 23, 25, 53-54].

1    Where a federal right has been violated, courts have held that
2    "prejudgment interest should be presumptively available . . . ."
3    <u>Gorenstein Enters., Inc. v. Quality Care-USA, Inc.</u>, 874 F.2d 431,
4    436 (7th Cir. 1989). While the Lanham Act does not mandate an award
5    of prejudgment interest, "federal common law authorizes the award of
6    such interest in appropriate cases to victims of violations of
7    federal law." <u>Gorenstein Enters., Inc.</u>, 874 F.2d at 436. Some courts
8    have adopted "a preference, if not a presumption, for prejudgment
9    interest" in the context of federal claims. <u>United Phosphorus, Ltd.</u>
10   <u>v. Midland Fumigant, Inc.</u>, 205 F.3d 1219, 1236 (10th Cir. 2000)
11   (reversing the district court's denial of prejudgment interest on
12   claims arising from violations of the Lanham Act). Others take a
13   more balanced view. <u>Am. Honda Motor Co. v. Two Wheel Corp.</u>, 918 F.2d
14   1060, 1064 (2d Cir. 1990) ("Although Section 1117(a) does not
15   provide for prejudgment interest, such an award is within the
16   discretion of the trial court and is normally reserved for
17   'exceptional cases.'"). In the Ninth Circuit, "an award of pre-
18   judgment interest in a case under federal law is a matter left to
19   the sound discretion of the trial court." <u>Twin City Sportservice,</u>
20   <u>Inc. v. Charles O. Finley & Co., Inc.</u>, 676 F.2d 1291, 1310 (9th Cir.
21   1982), <u>cert. denied</u>, 459 U.S. 1009 (1982).

22   As previously explained, the trademark infringement, trademark
23   counterfeiting, and other Lanham Act violations committed by LL&C
24   and Sei Kim damaged Cyclone USA and were far from innocent or
25   inadvertent. [<u>See</u> Memorandum of Decision, at 6-10, 13-14, 21-22, 28-
26   29, 50-52]. An award of prejudgment interest is necessary to provide
27   Cyclone USA with an adequate monetary remedy.  Therefore, Cyclone
28   USA is entitled to prejudgment interest with respect to its claims

under the Lanham Act.

In awarding prejudgment interest, "[a] trial court is afforded wide latitude in the selection of interest rates." Uniroyal, Inc. v. Rudkin-Wiley Corp., 939 F.2d 1540, 1545 (Fed. Cir. 1991). The Ninth Circuit, however, strongly favors the Treasury bill rate:

> [T]he measure of interest rates prescribed for post-judgment interest in 28 U.S.C. § 1961(a) is also appropriate for fixing the rate for pre-judgment interest in cases . . . where pre-judgment interest may be awarded, unless the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate.

Western Pac. Fisheries, Inc. v. SS President Grant, 730 F.2d 1280, 1289 (9th Cir. 1984). See also Blanton v. Anzalone, 813 F.2d 1574, 1576 (9th Cir. 1987) ("[S]ubstantial evidence must support the district court's decision to depart from the Treasury bill rate.").

Because neither party has suggested the use of a rate other than the one year constant maturity Treasury yield, the Court adopts that rate. The prejudgment interest awarded to Cyclone USA is fixed at a rate equal to the post-judgment interest rate provided by 28

U.S.C. § 1961(a).  That rate shall be applied in the manner suggested by Cyclone USA's expert. [<u>See</u> Supplemental Declaration of Daryl Martin, Ex. A].

DATED: May 24, 2010

_____
ANDREW J. WISTRICH
United States Magistrate Judge

5